IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE:                                              )
                                                    )
KRISTOPHER MICHAEL KADLECEK    )     Case No. 10-12355
                                                    )
         Debtor.                                )     Chapter 7
_____)

**MEMORANDUM OPINION AND ORDER**

This matter came before the Court on October 6, 2011, upon the Motion for Relief from Stay Regarding Validation of Proceedings and Continuation of Georgia State Court Litigation (the "Motion") filed by Schwank USA, Inc. ("Schwank") on June 30, 2011, and the Objection to the Motion filed by the above-captioned debtor (the "Debtor") on July 13, 2011. At the hearing, Ashley S. Rusher appeared on behalf of Schwank and Gavin Reardon appeared on behalf of the Debtor.

With the Motion, Schwank seeks to annul the automatic stay nunc pro tunc to February 8, 2011, in order to validate proceedings that it filed post-petition in Burke County, Georgia (the "State Court Action"). The Debtor filed for Chapter 7 relief on December 30, 2010. Because Schwank was not listed as a creditor in the Debtor's schedules, Schwank was not aware that the Debtor had filed for bankruptcy when it initiated the State Court Action on February 8, 2011, seeking damages and injunctive relief for alleged violations of the Georgia Trade Secrets Act, breach of contract claims, fraud, and quantum meruit. On February 9, 2011, the Burke County Court granted Schwank a Temporary Restraining Order, and set a hearing for March 2, 2011 to consider a preliminary injunction. The Debtor appeared (without counsel) at the hearings regarding the preliminary injunction that were held before the Burke County Court on March 2 and 3, 2011, but did not inform anyone of his bankruptcy at that time. Schwank was granted an interlocutory injunction by the Burke

County Court on March 11, 2011, and later that same day, the Debtor informed Schwank of his bankruptcy. Schwank then ceased all activity in the State Court Action. On May 6, 2011, Schwank filed an adversary proceeding (the "Adversary Proceeding") asking this Court to hold certain debts nondischargeable pursuant to Section 523(a)(2), (4), and (6) of the Bankruptcy Code. On June 30, 2011, Schwank filed the Motion, requesting validation of the State Court Action and authorization to proceed with liquidation of its claims against the Debtor in the Burke County Court. On July 5, 2011, the Debtor filed an Answer in the Adversary Proceeding, which asserts a counterclaim against Schwank for violation of the automatic stay in filing the State Court Action.

Pursuant to Section 362(d) of the Bankruptcy Code, a bankruptcy court may annul the automatic stay retroactively for cause in order to rehabilitate stay violations. In re Wiencko, 99 Fed. Appx. 466, 469 (4th Cir. 2004). A court should consider three factors when determining whether cause exists for lifting the stay under Section 362(d):

> (1) whether the issues in the case involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

Id.; see also In re Robbins, 964 F.2d 342, 346 (4th Cir. 1992); 11 U.S.C. § 362(d). In this case, there is no dispute that Schwank was not listed on the Debtor's schedules, and therefore did not receive notice that the Debtor had filed for bankruptcy. It is also undisputed that the claims involved in the State Court Action involve state law alone—Georgia law, in particular. Furthermore, Schwank has already initiated the Adversary Proceeding to determine the dischargeability of the debts owed to Schwank, and the Debtor has asserted a counterclaim for violation of the automatic stay.

The Court finds that modifying the stay will promote judicial economy by allowing Schwank

to liquidate its claims against the Debtor based on Georgia state law in a Georgia state court, and that the estate will be protected by the enforcement of any judgments and the resolution of the Adversary Proceeding by this Court. Accordingly, the Court finds that cause exists to annul the automatic stay to validate the State Court Action and to allow the parties to proceed with such litigation.

Therefore, it is ORDERED that the automatic stay is annulled nunc pro tunc to February 8, 2011 in order to:

(a) validate the proceedings before the Burke County Court, including the order granting an interlocutory injunction entered by that court on March 3, 2011; and

(b) permit the parties to proceed with litigation of the State Court Action in order to liquidate Schwank's claim against the Debtor.

It is further ORDERED that once the claim is liquidated in the State Court Action, the parties shall return to the Bankruptcy Court for determination of the claims for nondischargeability and violation of the automatic stay in the Adversary Proceeding, as well as for the enforcement of any judgment rendered in the State Court Action.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION**

|   |   |   |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KRISTOPHER MICHAEL KADLECEK | ) | Case No. 10-12355 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |

**PARTIES IN INTEREST**

Gavin Reardon, Esq.

Ashley S. Rusher, Esq.

William P. Miller, Esq., Chapter 7 Trustee

Michael D. West, Esq., Bankruptcy Administrator